# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Constantine Alleyne<br><br>Plaintiff,<br><br>V.<br><br>Equifax<br><br>Defendant. | Case No.<br><br><br><br>**JURY TRIAL DEMANDED**<br><br>JAN 23 2026 AM 10:58<br>FILED-USDC-CT-HARTFORD |

## INTRODUCTION

This is an action for statutory, actual, and punitive damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

Equifax failed to provide Plaintiff with all information in her consumer file, as required under 15 U.S.C. § 1681g(a), which directly impaired her ability to identify, dispute, or correct inaccurate and damaging credit information. As a result, Ms. Alleyne experienced emotional distress, credit denial, and tangible financial harm.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.
2. Venue is proper under 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claims occurred in this District.

1

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

## PARTIES

3. Plaintiff Constantine Alleyne is a natural person and a resident of Connecticut.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1681a(c).

5. Defendant Equifax Information Services, LLC is a limited liability company headquartered at 1550 Peachtree Street NW, Atlanta, GA 30309, and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

6. On or about July 17th, 2025, Plaintiff requested her consumer disclosure file from Equifax using [www.annualcreditreport.com](www.annualcreditreport.com).

7. Equifax furnished a digital disclosure file that was materially incomplete. It omitted:

- Full account numbers
- Internal dispute codes
- Historical payment records
- Furnisher-specific notations
- Date of first delinquency and charge-off information

8. These omissions included data from multiple furnishers, such as MISSOURI HIGHER EDUCATION LOAN, SYNCB/AMERICAN EAGLE DC, others, making it impossible to determine which accounts were legitimate or potentially erroneous.

9. Because of this lack of information, Plaintiff could not effectively identify or dispute derogatory items on her file.

2

10. Plaintiff applied for her dream car and was denied a vehicle loan. She also tried to get a credit card to help with her business on 8/5/25 and was denied due to negative items listed on her Equifax report. The adverse action letter specifically cited Equifax as the basis for denial.

11. Plaintiff has since suffered:

- Persistent anxiety and depression due to unresolved credit issues
- Difficulty sleeping, and lack of focus at work due to the uncertainty
- Out-of-pocket costs including therapy, credit monitoring services, and professional credit repair help
- Financial loss from lost credit opportunities

12. Equifax's conduct violates 15 U.S.C. § 1681g(a), which mandates that a consumer reporting agency must disclose "all information in the consumer's file at the time of the request."

13. According to FTC Advisory Opinion (Darcy, 2000), truncating or redacting vital credit data such as account numbers violates the plain language of § 1681g(a).

14. Federal courts have agreed with this interpretation. In Washington v. Equifax, No. 3:19-cv-00154 (M.D. Tenn. 2019), the court held that Equifax's redaction of account identifiers violated its duty to clearly and accurately disclose file contents.

15. Plaintiff reasonably believes that Equifax retains full credit data in its internal systems and routinely shares it with creditors yet deliberately withholds this information from consumers who request their reports through the free annual platform.

16. This practice is widespread, systemic, and known to Equifax. Despite legal warnings and ongoing litigation, the company continues to deprive consumers of access to their full data, thereby undermining the FCRA's core intent.

17. Equifax's actions were willful, or at a minimum, reckless and negligent, in violation of both the letter and spirit of the law.

## COUNT I – VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681g(a) – Failure to Disclose All File Contents

18. Plaintiff realleges and incorporates paragraphs 1–17.
19. Equifax violated 15 U.S.C. § 1681g(a)(1) by failing to provide all information in Plaintiff's consumer file.
20. These violations caused Plaintiff actual harm and emotional distress.
21. Equifax's violations were willful within the meaning of 15 U.S.C. § 1681n, or alternatively negligent under 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to:

- Award statutory damages of up to $1,000 under 15 U.S.C. § 1681n(a)(1)(A)
- Award actual damages under 15 U.S.C. § 1681o(a)(1)
- Award punitive damages under 15 U.S.C. § 1681n(a)(2)
- Award reasonable attorney's fees and costs under §§ 1681n(a)(3), 1681o(a)(2)
- Grant such other and further relief as the Court deems just and proper

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**DATED:** 9/25/25

Respectfully Submitted,

Constantine Alleyne

28 Privilege Road

Bloomfield, CT 006002

info@risingabovediabetes.org